FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEON D. SEARLES, JR.,<br><br>                Plaintiff,<br><br>    v.<br><br>YAKIMA COUNTY OF WASHINGTON STATE, NICHOLAS B. BARRETT, LOREN D. OAKLEY, and PAUL KELLY,<br><br>                Defendants. | NO: 1:22-CV-3176-TOR<br><br>ORDER DISMISSING ACTION |

BEFORE THE COURT is Plaintiff Leon D. Searles, Jr.'s First Amended Complaint. ECF No. 7. Plaintiff, a pretrial detainee housed at the Yakima County Jail, is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

**AMENDED COMPLAINT**

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint

ORDER DISMISSING ACTION -- 1

which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir. 1981)), *overruled in part by Lacey,* 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not repled). Furthermore, defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, the Clerk of Court shall **TERMINATE** Defendants State of Washington, Yakima County Superior Court and Department of Assigned Counsel for Yakima County Superior Court from this action and **ADD** Defendants Yakima County of Washington State, Nicholas B. Barrett, Loren D. Oakley, and Paul Kelly.

However, liberally construing the First Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff failed to cure the deficiencies of his initial complaint and the First Amended Complaint fails to state a claim upon which relief may be granted. For the reasons set forth below, the First Amended Complaint is dismissed.

## PLAINTIFFS' ALLEGATIONS

Plaintiff contends that Nicholas B. Barrett, a Deputy Prosecuting Attorney, knowingly violated his right to due process under federal and state law. ECF No. 7 at 3–4. Plaintiff states that he was booked into the Yakima County Department of Corrections on charges of "Harassment, Theft 3, and unlawful possession firearm 2"

on November 22, 2021. ECF No. 7 at 4, 18. He indicates that at this First Appearance on November 23, 2021, his bail was set at $20,000.00. *Id.* at 6, 18.

Plaintiff states that Defendant Barrett then filed a motion to amend on November 24, 2021, and although a judicial officer found no probable cause to amend, Plaintiff's bail was increased to $250,000.00. *Id.* at 6, 18. Plaintiff states that on November 29, 2021, Defendant Barrett filed a "Criminal Information" charging Plaintiff with First-Degree Assault. *Id.* at 9.

Plaintiff claims that on December 7, 2021, he was "denied Appearance," and the Court imposed a "10.77 for Competency Evaluation" and Defendant Barrett filed an "Amended Criminal Information" for one count of First-Degree Assault and five counts of Felony Harassment and two counts of "Unlawful Possession Firearm 1." *Id.* at 9. Elsewhere, Plaintiff asserts that his appointed counsel waived his appearance without his consent and imposed a 10.77 Competency Evaluation. *Id.* at 19, 21.

Plaintiff states an Order of Continuance was entered and an Arraignment was scheduled for December 28, 2021, and he was not released from custody. *Id.* at 9. Plaintiff contends that charges were not timely filed, and Defendant Barrett knowingly violated court rules and attempted to violate rules of professional conduct. *Id.* at 10. He accuses Defendant Barrett of "prosecutorial mismanagement," by "overcharging" him on December 7, 2021. *Id.* at 11. Plaintiff

ORDER DISMISSING ACTION -- 3

complains that the Competency Evaluation Report was not provided by the Evaluator on December 28, 2021, and although he requested that his case be dismissed, his appointed counsel Defendant Loren D. Oakley objected, and a judge entered an Order of continuance for January 12th of an unspecified year. *Id.* at 19.

Plaintiff contends that he was deprived of his liberty for 445 days, he suffered stress, and was denied due process of law. *Id.* at 12. He also claims that he lost income and will not know the extent of his damages until after he is released. *Id.*

Plaintiff asserts that on July 19, 2022, his court appointed counsel, Defendant Loren D. Oakley, failed to file certain documents with the trial court, but raised an objection. *Id.* at 14, 24. Plaintiff indicates there was a hearing before a judge on July 22, 2022, at which Defendants Barrett and Oakley were present, but Defendant Oakley failed to file certain documents with the trial court to have Plaintiff's case dismissed. *Id.* at 14. Plaintiff asserts lawyer misconduct under state court rules and denial of his right to due process under the Fourteenth Amendment. *Id.* at 15. Plaintiff then asserts ineffective assistance of counsel. *Id.* at 17.

Plaintiff states that he filed a complaint against his appointed counsel with the Washington State Bar Association and was instructed to "raise ineffective counsel in open court." *Id.* at 20. Plaintiff states that a "triage hearing" was conducted on January 13, 2023, at which he intended to raise the issue of ineffective counsel based on his counsel's actions in July 2021. *Id.* Plaintiff also accuses his counsel of

"allowing the time for appeal to laps while his client was deemed incompetent, in violation of court rules." *Id.* at 20.  Plaintiff asserts that Defendant Oakley did not confer with Plaintiff in private prior to the January 13th triage hearing, and Plaintiff asserts that he did not consent to a continuance. *Id.* Plaintiff contends that "the only remedy left at this point to ensure the Defendant a fair trial is to dismiss case with prejudice for violating Defendants right to due process of law under U.S. Const. Amend XIV." *Id.* at 21.

Under "Count III" of the complaint form, Plaintiff asserts that Defendant Loren D. Oakley "knowingly violated Defendants right to Due process of Law under U.S Cont Amend VI, and XIV," and state criminal rules. *Id.* at 22.  Plaintiff asserts that on September 1 of an unspecified year, Defendant Oakley set two separate trial dates in January and February 2023, and a readiness hearing for January 13, 2023. *Id.* at 22–23.  Plaintiff asserts that Defendant Oakley knew Plaintiff was going to raise ineffective assistance of counsel at the January 13, 2023 triage hearing, and "knowingly denied" Plaintiff the right to be present in court that date to ask for his case to be dismissed. *Id.* at 23.

Plaintiff states that he did not consent to a continuance and the January 23, 2023 trial date expired, but he has not been released from custody. *Id.* at 23. Plaintiff states that he has sought pretrial habeas corpus relief, which was denied on February 22, 2023. *Id.*  He contends that he is unlawfully detained. *Id.*

ORDER DISMISSING ACTION -- 5

In his statement of relief, Plaintiff asserts "Settlement; Dismiss all charges First Degree Assault, 5 Counts Felony Harassment, 2 Counts Unlawful Poss Firearm 1 under Case #21-1-01966-39/21-1-1066-39 release without conditions $500,000,000.00." *Id.* at 30. The First Amended Complaint is signed February 9, 2023. *Id.*

## YOUNGER ABSTENTION

If a state prisoner challenges the fact or duration of his confinement or seeks a determination that he is entitled to release or a shortening of confinement, his only federal remedy is a writ of habeas corpus with its requirement of exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973); 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004). Moreover, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The *Younger* abstention doctrine also bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). Plaintiff's remedy regarding any speedy trial, excessive bail, or ineffective assistance of counsel claims lies with the court that currently has jurisdiction over his prosecution.

This Court must abstain from considering Plaintiff's challenges to his ongoing state criminal proceedings, absent extraordinary circumstances where the danger of

irreparable harm is both great and immediate. *See Younger*, 401 U.S. at 45. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. l972)*; see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Every prong of the *Younger* abstention doctrine favors abstention in this action. There is an ongoing state criminal proceeding that implicates important state interests. Any constitutional issues may be adequately litigated in the Yakima County Superior Court. In addition, Petitioner has the opportunity and means to challenge the fairness of his criminal trial, including his claims of prosecutorial misconduct, speedy trial, excessive bail, and ineffective assistance of counsel, in the state appellate system, and then, if necessary, through subsequent state and federal habeas corpus proceedings.

Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate. *Perez v. Ledesma,* 401 U.S. 82, 85 (1971). Petitioner has not asserted facts sufficient to show he is entitled to federal pretrial intervention. No case "permit[s] the derailment of a

ORDER DISMISSING ACTION -- 7

1 pending state proceeding by an attempt to litigate constitutional defenses
2 prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S.
3 484, 493 (1973).

4 The *Younger* abstention doctrine applies while a case works its way through
5 the state appellate process, if a prisoner is convicted. *New Orleans Pub. Serv., Inc.*
6 *v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). Consequently, even
7 if Plaintiff had adequately alleged a constitutional violation, the abstention doctrine
8 would apply while his criminal proceedings are pending. *See Yahoo! Inc. v. La Ligue*
9 *Contre Le Racisme*, 433 F.3d 1199, 1224 (9th Cir. 2006); *Smith v. Cent. Ariz. Water*
10 *Conservation Dist.*, 418 F.3d 1028, 1030 (9th Cir. 2005). Therefore, any allegations
11 concerning Plaintiff's pending prosecution are premature.

## SECTION 1983

13 Furthermore, Plaintiff's allegations are insufficient to state a viable claim
14 under 42 U.S.C. § 1983. Section 1983 requires a claimant to prove (1) a person
15 acting under color of state law (2) committed an act that deprived the claimant of
16 some right, privilege, or immunity protected by the Constitution or laws of the
17 United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person
18 deprives another "of a constitutional right, within the meaning of section 1983, if he
19 does an affirmative act, participates in another's affirmative acts, or omits to perform
20 an act which he is legally required to do that *causes* the deprivation of which [the

ORDER DISMISSING ACTION -- 8

1  plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (emphasis and brackets in the original), *abrogated in part on other grounds*, *Farmer v. Brennan*, 511 U.S. 825 (1994); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id.* To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges nothing against Defendant Paul Kelly.

The Court previously advised Plaintiff that he must show the existence of unconstitutional policies, regulations, or ordinances, promulgated by officials with final policymaking authority in order for Yakima County to be liable under section 1983. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988); *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). He did not do so. He has failed to state a claim against Yakima County of the Washington State upon which this Court can grant relief.

ORDER DISMISSING ACTION -- 9

Plaintiff's allegations against the deputy prosecuting attorney, Defendant Nicholas B. Barrett, also fail to state a claim under 42 U.S.C. § 1983. Again, claims for monetary damages against prosecutors are barred by absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This immunity applies to conduct "intimately associated with the judicial phase of the criminal process" and protects prosecutors when performing traditional activities related to the initiation and presentation of criminal prosecutions. *Id.; accord Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) ("[I]t is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case[.]") *See, e.g. Burns v. Reed*, 500 U.S. 478, 490-92 (1991) (prosecutor is absolutely immune for participation in a probable cause hearing); *Imbler*, 424 U.S. at 431 (absolute immunity for initiating a prosecution); *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001) (noting that prosecutorial immunity covers claims of the knowing use of false testimony at trial, malicious prosecution, and suppression of exculpatory evidence); *Roe v. City and County of San Francisco*, 109 F.3d 578, 583-84 (9th Cir. 1997) (absolute immunity for decision to prosecute and for professional evaluation of a witness "even if that judgment is harsh, unfair or clouded by personal animus."); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 677-80 (9th Cir. 1984) (prosecutorial immunity applies to destruction of evidence).

When a prosecutor decides to litigate, interview witnesses, or gather evidence,

he or she is engaging in conduct that relates to the preparation of his or her case. *Schlegel v. Bebout*, 841 F.2d 937, 943-944 (9th Cir. 1988). These activities are shielded by absolute prosecutorial immunity. *Id*. at 944. Plaintiff's claims that Defendant Barrett brought charges, sought to amend charges and filed amended charges will not lower the shield of absolute prosecutorial immunity. Consequently, Plaintiff has failed to state a claim upon which relief may be granted.

Finally, whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he or she does not act under color of state law. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981), *holding limited on other grounds by West v. Atkins,* 487 U.S. 42 (1988); *Miranda v. Clark County*, 319 F.3d 465,468 (9th Cir. 2003) (*en banc*) (even assuming a public defender who subpoenaed no witnesses and mounted no defense provided deficient representation, he was acting in the traditional lawyer role and would not be considered a state actor). Therefore, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against his court-appointed counsel, Defendant Loren D. Oakley.

Although granted the opportunity to do so, Plaintiff did not amend his complaint to state a claim upon which this Court could grant relief. Therefore, for the reasons set forth above and in the Court's prior Order, ECF No. 6, **IT IS ORDERED:**

**1.** The First Amended Complaint, **ECF No. 7,** is **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), but **without prejudice** to Plaintiff pursuing appropriate state appellate and federal habeas relief.

**2.** Based on this Court's reading of *Washington v. Los Angeles Cnty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will **NOT** count as a "strike" pursuant to 28 U.S.C. § 1915(g).

**3.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff, and **CLOSE** the file.

DATED February 28, 2023.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING ACTION -- 12